UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER D. MACK,<br><br>　　　　　　　　　Petitioner,<br>　v.<br><br>DWIGHT NEVENS, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 2:15-cv-01728-RFB-GWF<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss (ECF No. 5). Petitioner has opposed. (ECF No. 7).

I.  **BACKGROUND**

In this action, petitioner alleges that that the Nevada Department of Corrections ("NDOC") violated his due process rights by rescinding an institutional parole he had been granted on July 9, 2004, and subsequently denied his statutory and Fourteenth Amendment rights to apply for parole on consecutive sentences.[1] (ECF No. 3).

On September 8, 2003, petitioner was sentenced to several consecutive and concurrent sentences in state court Case No. 182002, beginning with a 36 to 156 month sentence for burglary

---

[1] Although respondents characterize the petition as asserting that the Parole Board and/or NDOC rescinded the parole, and petitioner repeats this characterization in his opposition, that is not what the petition alleges. Rather, the petition clearly asserts that NDOC improperly rescinded petitioner's parole and that it did not have the power to do so.

1

with a firearm on Count 1 of the case.[2] (Ex. 4).[3] Petitioner was serving his Count 1 sentence when, on July 9, 2004, the Parole Board granted him parole to his next consecutive sentence "only effective . . . when eligible." (Ex. 7). At the time, petitioner was eligible for parole from his Count 1 sentence on November 29, 2004. (*See* Ex. 5).

Before November 29, 2004, arrived, however, petitioner was sentenced in another state court case, No. C181882. The judgment of conviction in No. 181882 imposed, *inter alia*, a 48 to 120 month sentence to run concurrently to petitioner's other cases. (Ex. 8). Under Nevada Revised Statutes § 213.1213, an inmate's parole eligibility date is determined by his longest concurrent minimum sentence. Petitioner's new, concurrent sentence of 48 to 120 months thus changed petitioner's parole eligibility date from November 29, 2004, to July 20, 2007. (*See* Ex. 11).

After that point, petitioner's July 9, 2004, institutional parole never took effect. On March 6, 2007, petitioner went before the Parole Board on his Count 1 sentence and was denied parole. (Ex. 13). Petitioner again went before the Board on his Count 1 sentence on April 20, 2009, and this time was denied parole until expiration. (Ex. 12). On December 11, 2011, petitioner discharged his Count 1 sentence for burglary with a firearm in Case No. 182002 and began serving his next consecutive sentence. (*See* Ex. 14). No formal action appears to have been taken to rescind or declare null the July 9, 2004, grant of parole. (*See* Ex. 16 at 50).[4]

On December 3, 2013, petitioner filed a state habeas petition challenging the rescission of his July 9, 2004, grant of parole. (Ex. 16). The district court denied relief, and the Nevada Supreme Court affirmed. (Exs. 17 & 18). Remittitur issued on December 9, 2014. (Ex. 18).

Petitioner dispatched the instant federal habeas petition for filing on or after September 1, 2015. (*See* ECF No. 1). Respondents move to dismiss the petition on the grounds that it is untimely, that it is moot, and that it fails to state a claim.

. . .

. . .

---

[2] The judgment of conviction was later amended on April 7, 2005. (Ex. 10).
[3] The exhibits referenced herein are located at ECF No. 6.
[4] Page citation is to the CM/ECF generated number at the top of the page.

2

## II. ANALYSIS

### a. Right to Apply for Parole

The Court will begin by addressing the petitioner's allegations that the actions taken by NDOC and/or the Parole Board have violated his statutory and Fourteenth Amendment due process rights to apply for parole.

Petitioner asserts that respondents have violated his statutory right to apply for parole, citing Nevada Revised Statutes § 213.130(1) and § 213.120. Habeas relief cannot be predicated on "alleged errors in the application of state law." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, to the extent petitioner alleges that respondents have violated his statutory right to apply for parole, such does not state a cognizable habeas claim.

Insofar as petitioner claims violation of his Fourteenth Amendment due process right to apply for parole, the Court likewise finds petitioner has failed to state a cognizable habeas claim.

In *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017), the Ninth Circuit held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983." *Id.* at 931 (citation omitted). A claim lies at the "core of habeas corpus" only if it "necessarily challenge[s] the validity or duration of the underlying conviction or sentence." *Id.* at 929. If a "claim would not necessarily spell speedier release, that claim does not lie at 'the core of habeas corpus.'" *Id.* at 930 (citing *Skinner v. Switzer*, 562 U.S. 521 (2011)).

Petitioner's claim that his Fourteenth Amendment right to apply for parole has been violated does not lie in the core of habeas. Success on this claim would not necessarily spell speedier release; it would mean only that petitioner would be eligible for parole review earlier and thus "at most [would] speed consideration of a new parole application." *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Accordingly, petitioner's Fourteenth Amendment right to apply for parole claim cannot proceed in this action.

As the alleged violation of petitioner's right to apply for parole does not state a cognizable habeas claim, that claim must be dismissed.

**b. Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

In actions challenging a denial of parole, the limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003).

Because there was no formal action rescinding or declaring null the July 9, 2004, grant of parole, the Court cannot be entirely certain of the exact date petitioner knew, or could have discovered in the exercise of due diligence, that his institutional grant of parole had been rescinded or was considered a nullity. However, measured from any of several potential dates, the petition is untimely.

First, petitioner was never presented with a parole agreement related to the anticipated November 29, 2004, parole date. (*See* ECF No. 7 at 2). He thus may have known no later than November 29, 2004, that he was not receiving the institutional parole he thought he was going to receive that date. Second, even if petitioner had been aware of the change in his sentence structure and thus believed his institutional parole would take effect when he was next eligible for parole – on July 20, 2007 – he should have known on March 6, 2007, when he was denied parole on his

4

Count 1 sentence, that the earlier grant of institutional parole was not going into effect. Finally, through the exercise of due diligence petitioner could have discovered no later than December 11, 2011, that he had not received the earlier grant of parole because on that date he discharged his Count 1 sentence completely. Even measured from this last date, the petition in this action was filed more than three years after the expiration of the AEDPA limitations period.[5]

Petitioner does not assert any basis for tolling – equitable or otherwise -- the long-since lapsed limitations period. Rather, he appears to concede that the petition is untimely but asserts he can show "cause and prejudice" or a "fundamental miscarriage of justice" in order to avoid the "procedural bar." (ECF No. 7 at 2). Petitioner essentially argues that because his claims are meritorious, he has demonstrated cause and prejudice and a fundamental miscarriage of justice.

The cause and prejudice analysis does not pertain to the timeliness analysis, but even if it did petitioner has not established or made a compelling argument as to either cause and prejudice or a fundamental miscarriage of justice. Accordingly, the petition in this action, filed long after expiration of the AEDPA statute of limitations, is untimely and must be dismissed.

### c. Mootness

Petitioner has discharged his sentence under Count 1, and no statutory or case law exists in Nevada permitting a grant of retroactive parole. See *Niergarth v. Warden*, 768 P.2d 882, 884 (Nev. 1989). Accordingly, the Court further finds that, as no effective relief may be granted, the petition must also be dismissed as moot.

### d. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the

---

[5] Although petitioner filed a state court habeas petition that was pending for just over a year of this time, the petition was not filed until after the expiration of the statute of limitations and thus did not operate to toll the limitations period. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

5

district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* When the defendant's claim is denied on procedural grounds, a certificate of appealability should issue if the petitioner shows: (1) "that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Reasonable jurists would not find the Court's dismissal of the petition as untimely or the dismissal of petitioner's right to apply for parole claims as not cognizable to be wrong or debatable. The petition in this action was filed at least three years after the expiration of the statute of limitations. Further, petitioner's right to apply for parole claims are clearly not cognizable in habeas. Accordingly, the Court concludes that petitioner has not satisfied the standard for issuance of a certificate of appealability.

### III. CONCLUSION

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's claims of violations of his rights to apply for parole are DISMISSED.

IT IS FURTHER ORDERED that respondents' motion to dismiss the petition as untimely and moot is GRANTED, and the petition in this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that petitioner will be denied a certificate of appealability.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

IT IS SO ORDERED.

DATED THIS 2nd day of February 2018.

RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE